IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Luther Gregory, # 173528, | ) |
| Petitioner, | ) C.A. No. 4:05-0991-HMH-TER |
| vs. | ) **OPINION & ORDER** |
| State of South Carolina; and Henry McMaster, Attorney General for South Carolina, | ) |
| Respondents. | ) |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1]  Luther Gregory ("Gregory") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

On March 23, 2005, Gregory filed the instant § 2254 petition.[2]  On July 15, 2005, the State of South Carolina and Henry McMaster (collectively "defendants") filed a motion for summary judgment, requesting that the court deny and dismiss Gregory's petition.  Magistrate Judge Thomas E. Rogers filed an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

Cir. 1975), advising Gregory of the consequences of failing to respond to the defendants' motion. Nonetheless, Gregory failed to respond. Accordingly, in his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Gregory's § 2254 petition for failure to prosecute. Gregory filed objections to the Report and Recommendation and made a motion to the court to appoint counsel for him.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Gregory has raised no specific objections to the Magistrate Judge's determination that he failed to respond to the defendant's motion for summary judgment and has thus failed to prosecute his petition. However, in his objections, Gregory asserts, "I only have a 7th grade education so I do not fully understand my rights, or the process in filing my appeals. I do wish to appeal! I ask you to appoint me a lawyer to assist me to protect my rights." (Objections 1.) While Gregory has yet to address the merits of the defendants' motion for summary judgment, he has unambiguously asserted his wish to pursue his petition. As such, the court finds that a dismissal pursuant to Federal Rule of Civil Procedure 41(b), which acts as an adjudication on the merits and is the most severe sanction on a party who delays in responding, is an overly harsh response at this time. Gregory has shown an interest in

pursuing his claims, and no prejudice has been shown to the defendants for Gregory's delay. See Bush v. United States Postal Serv., 496 F.2d 42, 44 (4th Cir. 1974) (noting that dismissal under Rule 41 is a matter of judicial discretion and that sanctions less severe than dismissal are preferable.)  Accordingly, the court declines to adopt the Report and Recommendation, and remands the case to the Magistrate Judge.

Gregory has fifteen (15) days from the date of this order to file a response to the defendants' motion for summary judgment.  If Gregory fails to respond, his case is subject to dismissal, with prejudice, under Rule 41(b).  **Gregory is on notice that a dismissal of his petition with prejudice for failing to respond under Rule 41(b) would serve as an adjudication on the merits and would bar Gregory from reasserting his claims.**  If Gregory files a response, the Magistrate Judge is directed to consider the merits of the defendants' motion for summary judgment and Gregory's response and make a recommendation to this court.

Finally, the court denies Gregory's motion for appointment of counsel.  See 28 U.S.C. 1915(e)(1) (West Supp. 2005); McKlesky v. Zant, 499 U.S. 467, 495 (1991) (finding that a petitioner has no federal constitutional right to counsel in federal habeas corpus proceedings); Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971) (noting that the district court judge has discretion to appoint counsel in a civil action).

Therefore, it is

**ORDERED** that the case is remanded to the Magistrate Judge.  It is further

**ORDERED** that Gregory shall have fifteen (15) days from the date of this order to file a response to the defendants' motion for summary judgment.  It is further

**ORDERED** that Gregory's motion for appointment of counsel is denied.

**IT IS SO ORDERED**.

                s/ Henry M. Herlong, Jr.
                United States District Judge

Greenville, South Carolina
September 21, 2005